FILED
August 10, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002842277

Case 10-14535    Filed 08/10/10    Doc 30

1  RICHARD SONTAG, OF COUNSEL, SBN #108652
2  RUZICKA & WALLACE, LLP
3  16520 Bake Parkway, Ste, 280
   Irvine, California 92618
4  Phone: (949) 759-1080

5  Attorneys for Movant,

6

7                    UNITED STATES BANKRUPTCY COURT

        EASTERN DISTRICT OF CALIFORNIA, BAKERSFIELD DIVISION

| | |
|---|---|
| In re | Bankruptcy Case No. 10-14535 |
| **Alan Gjurovich,** <br>　　　　　　　Debtors. | Docket Control No. RSS-026 |
| | Chapter 7 |
| **GMAC Mortgage, LLC FKA GMC Mortgage Corporation,** <br>　　　　　　　Movant, | MOTION FOR RELIEF FROM AUTOMATIC STAY <br>(UNALWFUL DETAINER) |
| vs. | HEARING DATE: |
| **Alan Gjurovich, Debtor, Randell Parker, Trustee** <br>　　　　　　　Respondents. | DATE: 08/24/2010 <br>TIME: 1:00 P.M. |

<u>GMAC MORTGAGE, LLC FKA GMC MORTGAGE CORPORATION MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER) (3018 LINDEN AVENUE, BAKERSFIELD, CA 93305) MEMORANDUM OF POINTS AND AUTHORITIES</u>

**TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that **GMAC MORTGAGE, LLC FKA GMC MORTGAGE CORPORATION.** ("MOVANT") has filed the attached Motion for Relief from the Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 7 case.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.

1

## INTRODUCTORY STATEMENT

MOVANT requests the Court to grant it relief from the automatic stay based upon the following grounds: (a) cause; (b) inadequate protection; and (c) lack of equity.

## II.

## STATEMENT OF FACTS

1. **Jurisdiction.** This court has jurisdiction of this matter pursuant to Title 28 U.S.C. section 157 and Title 11 U.S.C. section 362. This Motion is brought pursuant to Federal Rules of Bankruptcy Procedure Rule 4001(a)(2).

2. **Debtors.** Debtors and Respondents **Alan Gjurovich** ("Debtor") filed their petition under Chapter 7 of the Bankruptcy Code on April 27, 2010.

3. **Movant is Legal Owner.** MOVANT is the legal owner of the premises commonly described as 3018 Linden Ave, Bakersfield, CA 93305 (the "Property"), and is entitled to exclusive possession thereof. Movant acquired the Property pursuant to a foreclosure sale on November 13, 2008, and recorded the deed within the period provided by state law for perfection. A true and correct copy of the recorded Trustee's Deed Upon Sale, including the legal description of the Property; a true and correct copy is attached as Exhibit "A".

4. **Debtors Have No Ownership Interest.** The Debtor has no ownership interest in the Property due to a Trustee's sale held on November 13, 2008.

5. **Procedural History of State Court Action.** The procedural status in state court is as follows: (a) On March 17, 2009, MOVANT caused a 3-Day Notice to Quit to be served upon Debtors at the Property; a true and correct copy is attached as Exhibit "B" (b) After the 3-Day Notice to Quit had expired, Movant commenced an unlawful detainer proceeding in state court and completed the following: (1) Movant filed a Complaint for Unlawful Detainer against the Debtor on March 26, 2009; a true and correct copy is attached as Exhibit "C". (2) On November 19, 2009, a Default Judgment against the debtor was obtained by Movant's counsel; a true and correct copy is attached as Exhibit "D". (3) On December 17, 2009; a Writ of Possession was obtained by Movant's counsel; a true and correct copy is attached as Exhibit "E".

6. **Operation of Automatic Stay.** The operation of the automatic stay in

this case precludes MOVANT from proceeding with an Unlawful Detainer Action in State Court, and therefore requires MOVANT to seek from this Court Relief from the Automatic Stay.

7.  **Prior Bankruptcy Cases.**

On May 15, 2009, Star Hills filed an incomplete Chapter 11 case in this Court (case # 09-14472). That case was dismissed by the Court on September 28, 2009 for abuse.

On August 25, 2009, Star Hills filed another incomplete Chapter 7 case in this Court (case # 09-18169). That case was dismissed by the Court on October 1, 2009 for abuse. On December 14, 2009 the United States Trustee filed an advisory proceeding case# 09-01235-B against Star Hills. On February 11, 2010 U.S. Trustee obtained a Judgment Dismissing Case with Prejudice and a Two Year Bar; A true and correct copy is attached as Exhibit "F". On January 11, 2010, Alan Gjurovich filed a Chapter 7 case in this Court (case # 10-10190). That case was dismissed by the Court on June 30, 2010 for abuse.

### III.

### CAUSE EXISTS FR RELIEF FROM STAY

Pursuant to 11 U.S.C. sec. 362(a)(1), cause exists because, as of the petition date, Debtors had no right to continued occupancy of the Premises because Movant acquired title to the Premises by foreclosure sale pre-petition and recorded the deed within the period provided by state law for perfection.

### IV.

### DEBTOR HAS NO EQUITY IN THE PROPERTY.

Relief from the automatic stay under Section 362(d) of the Bankruptcy Code should be granted if the Debtor has no equity in the property at issue. 11 U.S.C. sec. 362(d). In this case, the Debtor does not have any equitable interest in the Property at the time Debtor filed for bankruptcy. **GMAC MORTGAGE, LLC FKA GMC MORTGAGE CORPORATION**, acquired the Property at a trustee's sale on November 13, 2008, prior to the filing of the bankruptcy petition by Debtor, and is now the record owner of title. It is submitted that these authorities provide a mandate for relief from stay.

WHERREFORE, **GMAC MORTGAGE, LLC FKA GMC MORTGAGE**

WHERREFORE, **GMAC MORTGAGE, LLC FKA GMC MORTGAGE CORPORATION,** prays that this Court issue an order granting the following:

1. The automatic stay pursuant to 11 U.S.C. section 362 is hereby terminated as to the estates, or the Debtors' interest in that certain real property commonly known as 3018 Linden Ave, Bakersfield, CA 93305 ("the "Property"), and legally described in Exhibit "A."

2. MOVANT may proceed with any and all legal remedies available to recover possession of the Property. Said remedies include, but are not limited to, continuation of the unlawful detainer in state court, without further restraint of this Court.

3. That the Fourteen (14) day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

4. That the Order be binding and effective in any Bankruptcy case commenced by or against any debtor (s) who claim (s) any interest in the property without further notice.

5. The Sheriff may evict the Debtor and any other occupants from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Stay Motion without further notice.

DATED: August 10, 2010

Respectfully submitted,

RUZICKA & WALLACE, LLP

By: _____
RICHARD S. SONTAG
Attorneys for Movant