FILED

SEP 2 4 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-14535-A-7
                                         DC No. RSS-26
Alan David Gjurovich

           Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MOTION OF GMAC MORTGAGE FOR RELIEF FROM STAY**

A hearing was held on September 21, 2010, on the motion of GMAC Mortgage, LLC ("GMAC") for relief from stay in this case. The court admitted into evidence certified copies of documents submitted by GMAC and took judicial notice of other documents submitted by GMAC. The debtor made a statement on his own behalf, and the court also considered declarations filed by GMAC in support of its motion. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(G).

In 2007, Star Hills ("Hills") borrowed some $222,000 from GMAC or its predecessor, and that loan was secured by a deed of trust on real property commonly described as 3018 Linden Avenue, Bakersfield, California (the "Property").

In November 2008, GMAC acquired title to the Property by a foreclosure sale. GMAC recorded the deed upon sale within the period provided by state law for perfection.

1 | Various bankruptcy cases have been filed by Star Hills
2 | and by the debtor in this case in an effort to prevent GMAC from
3 | obtaining possession of the Property.
4 | On May 12, 2009, Hills filed a chapter 11 bankruptcy case as
5 | 09-14472. That case was voluntarily converted to chapter 7 and
6 | was dismissed on September 28, 2009. On August 25, 2009, Hills
7 | filed a chapter 7 bankruptcy case as 09-18169. That case was
8 | dismissed October 1, 2009. The United States Trustee filed an
9 | adversary action against Hills as Adversary Proceeding 09-1235.
10 | On February 10, 2010, a judgment barring Hills from filing any
11 | bankruptcy case for two years was entered.
12 | On October 6, 2009, the debtor caused to be recorded a quit
13 | claim deed allegedly giving him a 50% interest in the Property.
14 | Also on October 6, 2009, the debtor filed a chapter 7 bankruptcy
15 | case as 09-19629. That case was dismissed in January 2010.
16 | GMAC caused a three day notice to quit to be served on the
17 | debtor on March 17, 2009, at the Property. Thereafter, GMAC
18 | commenced an unlawful detainer proceeding in state court. On
19 | November 19, 2009, a default judgment against the debtor was
20 | obtained in the unlawful detainer proceeding, and in December
21 | 2009, a writ of possession was obtained.
22 | On January 11, 2010, the debtor filed another chapter 7
23 | bankruptcy case as 10-10190. That case was dismissed in June
24 | 2010.
25 | This case was filed April 27, 2010.
26 | Bankruptcy Code § 362(c)(4) provides that:
27 | "(4)(A)(i) if a single or joint case is filed by or against
    | a debtor who is an individual under this title, and if 2 or
28 | more single or joint cases of the debtor were pending within

the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the latter case; and (ii) on request of the party in interest, the court shall promptly enter an order confirming that no stay is in effect."

This case meets those requirements. Within the last year, the debtor has filed three chapter 7 bankruptcy cases. The first two cases were dismissed with a discharge. Therefore, the automatic stay never went into effect. Further, even if the automatic stay had gone into effect, there is cause for relief from stay. The debtor's only interest in the Property is that he is in possession. GMAC has title and has obtained an unlawful detainer judgment.

At the hearing on this motion, the debtor made numerous arguments concerning whether GMAC was entitled to foreclose on the Property in the first place and whether GMAC was entitled to a judgment in the unlawful detainer proceeding.

Those arguments points to a dispute between Star Hills and the debtor on the one hand, and GMAC on the other hand, about the merits of the underlying foreclosure and unlawful detainer judgment. The bankruptcy court is not the place to raise such arguments. If judgments of the state court are to be challenged, they must be challenged in the court in which such judgment arose.

For the foregoing reason, the motion will be granted. Counsel for GMAC may submit a form of order consistent herewith.

DATED: September 24, 2010

WHITNEY RIMEL, Judge
United States Bankruptcy Court