21

1  **Alan David Gjurovich,**

2  temporary mailing location,
   care of: 3018 Linden Avenue,

3  near: [Bakersfield], California
   non domestic without the U.S.



FILED

SEP 2 8 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8  ## UNITED STATES BANKRUPTCY COURT

9  ## EASTERN DISTRICT OF CALIFORNIA

10

11                              CASE # :  10-14535-A-7

12

13  IN RE Alan David Gjurovich        NOTICE OF & DEMAND OF Alan Gjurovich
                                     FOR IMMEDIATE RECUSAL OF JUDGE
14                                   WHITNEY RIMEL IN  CASE #: 10-14535-A-7 .

15

16

17

18

19
    TO: THE ABOVE NAMED COURT & ALL INTERESTED PARTIES THEREIN &
20
        THEIR COUNSEL OF RECORD; PLEASE TAKE NOTICE OF THE FOLLOWING:
21
        Alan Gjurovich IN THE ABOVE NAMED CASE HEREBY DEMANDS THAT THE
22
        ABOVE NAMED JUDGE IN THE ABOVE ENTITLED CASE WHITENY RIMEL
23
        RECUSE & DISQUALIFY HERSELF FROM ANY FURTHER PROCEEDINGS IN
24
        THE  ABOVE  ENTITLED CASE & REFRAIN  FROM  ANY  FURTHER  ACTIONS
25
        OR  PROCEEDINGS  IN  THE  CASE  BASED  UPON  THE  FOLLOWING  FACTS &
26
        GROUNDS  SET  OUT  IN  THE  FOLLOWING  AFFIDAVIT  OF  PREJUDICE:

Alan David Gjurovich,
temporary mailing location,
care of: 3018 Linden Avenue,
near: [Bakersfield], California
non domestic without the U.S.

CASE #: 09-19629- A- 7.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

IN RE Alan David Gjurovich

CASE # :  10-14535-A-7

**AFFIDAVIT OF PREJUDICE IN SUPPORT OF NOTICE OF & DEMAND OF Alan Gjurovich FOR IMMEDIATE RECUSAL OF JUDGE WHITNEY RIMEL IN  CASE #: 10-14535-A-7 .**

Alan Gjurovich SAYS & DECLARES:

1. I AM CALLED THE "DEBTOR" IN THE ABOVE ENTITLED CASE.

2. I WAS WITNESS TO & HAVE DIRECT PERSONAL KNOWLEDGE OF THE FOLLOWING MATTERS OF FACT & LAW & I AM COMPETENT TO TESTIFY TO THE TRUTH OF THE SAME IF I AM CALLED UPON TO DO SO, AND I WILL SO TESTIFY IF I AM CALLED UPON;

3. I was present at the hearing on the Motion of GMAC MORTGAGE LLC, for relief from the automatic stay in August 2010, wherein the Court Judge WHITNEY RIMEL RULED THAT SHE WOULD SET THE MATTER FOR AN EVIDENTIARY HEARING ON SEPTEMBER 21, 2010.

4. I WAS PRESENT AT THE HEARING ON SEPTEMBER 21, 2010 INSIDE THE BAKERFIELD COURT HOUSE AT WHICH I APPEARED & ADDRESSED THE COURT, JUDGE WHITNEY RIMEL, & THE COUNSEL FOR GMAC MORTGAGE LLC, ON THE MANY EVIDENCES IN THE RECORDS BEFORE THE SEVERAL COURTS ON BOTH THE STATE & FEDERAL LEVEL SHOWING THAT NOTHING BUT A CONSTANT FRAUD HAS BEEN PERPETRATED BY GMAC MORTGAGE LLC REGARDING THEIR CLAIM TO BE THE OWNERS OF THE LAND & REAL PROPERTY AT WHAT IS COMMONLY DESCRIBED AS: [3018 LINDEN AVENUE, BAKERSFIELD CALIFORNIA].

5. I BROUGHT IT TO THE COURTS ATTENTION THAT WHEN SHE ISSUED HER ORDER BEFORE THE SAID HEARING DENYING MY MOTION FOR A CONTINUANCE OF THE SAID EVIDENTIARY HEARING DUE TO EXIGENT & EXTENUATING CIRCUMSTANCES, SHE DID NOT RULE ON MY ALTERNATIVE MOTION FOR AN ORDER DENYING THE MOTION OF GMAC MORTGAGE LLC TO WAIVE THE 14 DAY STAY ON ANY ORDER GRANTING RELIEF FROM AUTOMATIC STAY.

6. I INFORMED THE COURT THAT I WANTED A RULING ON THE ALTERNATIVE MOTION FOR AN ORDER DENYING THE MOTION OF GMAC MORTGAGE LLC TO WAIVE THE 14 DAY STAY ON ANY ORDER GRANTING RELIEF FROM

STAY, AND THE COURT STATED AND INDICATED ON THE RECORD & GAVE ME THE FALSE IMPRESSION THAT SHE INTENDED TO RULE ON MY ALTERNATIVE MOTION BASED ON THE MERITS AFTER TAKING IT UNDER SUBMISSION.

7. TODAY, SATURDAY, SEPTEMBER 25th 2010, I RECEIVED THE RULING OF EASTERN DISTRICT OF CALIFORNIA BANKRUPTCY "JUDGE" WHITNEY RIMEL, A COPY OF WHICH IS ATTACHED HERETO AS EXHIBIT #: 1, WHICH IS INCORPORATED HEREIN BY REFERENCE AS IF FULLY SET FORTH.

8. AT THE HEARING I EXPRESSLY REQUESTED THAT THE COURT GO THROUGH EACH POINT OF FRAUD UPON THE COURT WHICH I RAISED AT THE EVIDENTIARY HEARING & REQUESTED THAT TO DO THIS THE COURT DID NOT ISSUE A RULING AT THE HEARING BUT TAKE THE MATTER UNDER SUBMISISON AND DO A THOROUGH REVIEW OF EACH OF THE POINTS I HAD RAISED REGARDING THE FRAUD COMMITTED BY GMAC MORTGAGE LLC, FROM THE BEGINNING BEFORE THE ALLEGED FORECLOSURE & SALE, THROUGHOUT TO THE PRESENT MOTION FOR RELIEF FROM STAY.

9. AFTER I FINISHED ADDRESSING THE COURT, THE COURT SUGGESTED TO THE COUNSEL FOR GMAC MORTGAGE LLC, THAT HE DID NOT WANT TO ANSWER MY REBUTTAL OF HIS CLAIMS IN HIS MOTION FOR RELIEF FROM AUTOMATIC STAY, & THE SAID COUNSEL FOR GMAC MORTGAGE LLC, TOOK THE COURTS QUE, & DECLINED TO RESPOND ON THE RECORD, EVEN THOUGH THIS WAS TITLED & ANNOUNCED ON THE COURTS RECORD TO BE AN EVIDENTIARY HEARING.

10. FAILURE OF THE SAID COUNSEL TO RESPOND & ANSWER TO THE CLAIMS OF FRAUD AGAINST HIM & AGAINST HIS EMPLOYER GMAC MORTGAGE LLC, WAS AN ACQUIESCENCE TO THE CHARGES AGAINST HIM & GMAC MORTGAGE LLC, FOR WHICH Alan Gjurovich IS DUE EQUITABLE RELIEF FROM THE BANKRUPTCY COURT AS A MATTER OF FEDERAL LAW, UNDER THE DOCTRINE OF A ACQUIESCENCE BY SILENCE.

11. AT SAID HEARING Alan Gjurovich CITED CASE LAW RULINGS BY THE SUPREME COURT OF THE UNITED STATES OF AMERICA AS FOLLOWS:

" *THE BANKRUPTCY COURTS ARE COURTS OF EQUITY ENDOWED WITH BROAD EQUITABLE POWERS" PEPPER VS LITTON (1939) 60 S. CT. 238; 84 L. ED. 281; "THESE EQUITABLE POWERS HAVE BEEN INVOKED TO THE END THAT FRAUD WILL NOT PREVAIL, THAT SUBSTANCE WILL NOT GIVE WAY TO FORM THAT TECHNICAL CONSIDERATION WILL NOT PREVENT SUBSTANTIAL JUSTICE FROM BEING DONE ". Id, PEPPER VS LITTON, SUPRA, 308 US AT PAGE 305.*

THE COURT IN THE CASE OF: KELLERAN VS ANDRJEVIC, 825 F. 2d 692 (1987) RULED:

" *THE BANKRUPTCY COURT HAS POWER TO GRANT EQUITABLE RELIEF FROM A STATE COURT JUDGMENT THAT WAS OBTAINED BY FRAUD."*

*"THE FACT THAT A CLAIM HAS BEEN REDUCED TO A JUDGMENT DOES NOT CHANGE ITS NATURE SO FAR AS PROVABILITY IS CONCERNED" BOYNTON VS BALL, 121 US 457, 7 S. CT. 987; 30 L. ED. 985; SO THE COURT MAY LOOK BEHIND THE JUDGMENT TO DETERMINE THE ESSENTIAL NATURE OF THE LIABILITY FOR PURPOSES OF PROOF AND ALLOWNACE" MARGOLIS , 249 F. 2d 221."*

12. *FURTHERMORE AT SAID "EVIDENTIARY HEARING" ON 9/21/2010 Alan Gjurovich POINTED OUT TO THE COURT, JUDGE WHITNEY RIMEL THAT THE ATTORNEY FOR GMAC MORTGAGE LLC, WHO WAS PRESENT AT THE HEARING LIED TO THE COURT IN HIS OPPOSITION TO THE MOTION FOR*

*EQUITABLE RELEIF AT PAGE 4, LINES 11-14, WHEREIN RICHARD SONTAG STATED IN HIS MEMORANDUM OF POINTS & AUTHORITIES THAT:* "HE SEEMS TO BASE MOST OF HIS ARGUMENTS ON AN ALLEGED RESCISSION OF THE UNDERLYING LOAN APPROXIMATELY (1) DAY BEFORE THE SUBJECT TRUSTEE'S SALE." SEE COPY OF PAGE 1 & 4 OF GMAC MORTGAGE'S OPPOSITION TO DEBTOR'S MOTION TO CONTINUE 9/21/2010 SIGNED BY Richard Sontag, ATTORNEY FOR GMAC MORTGAGE LLC, ON SEPTEMBER 16, 2010, AS WELL AS OTHER FRAUDS IN THE RECORD, *& REQUESTED THE COURT TO VIEW THE DVD OF THE SECURITY CAMERA OF THE HOME OF Star: Hills WHICH WAS THE LAST EXHIBIT ATTACHED TO THE COMPLAINT ATTACHED AS AN EXHIBIT WHICH SHOWED FURTHER FRAUD PROVING THAT NO ONE EVER POSTED ANY SUMMONS ON THE PREMISES OF Star: Hills AS FRAUDULENTLY CLAIMED BY GMAC MORTGAGE LLC, & THEIR ATTORNEYS IN THE STATE COURT UNDER PENALTY OF PERJURY, WHICH WAS A VIOLAITON OF CALIFORNIA PENAL CODE SECTIONS 115 & 118 WHICH ARE CRIMES UNDER THE LAWS OF THE STATE OF CALIFORNIA, ONE OF WHICH IS A FELONY VIOLATION.*

## *FRAUD, LIES & DECEIT FROM THE BENCH*

13. THIS COURT, JUDGE WHITNEY RIMEL APPARENTLY LIED TO AFFIANT Alan Gjurovich & INTENTIONALLY MISLEAD HIM WHEN SHE INDICATED ON THE RECORD THAT SHE WOULD RULE ON HIS MOTION FOR EQUITABLE RELIEF, AT THE SAID HEARING OF SEPTEMBER 21, 2010.

SEE COPY OF THE JUDGES RULING FILED SEPTEMBER 24, 2010, IN

WHICH SAID JUDGE NEVER RULED ON THE MOTION FOR EQUITABLE

RELIEF, NOR DID SHE EVER RULE ON THE EVIDENCE PRESENTED

BY Alan Gjurovich AT THE HEARING WHICH IS A FRAUD FROM THE

BENCH AGAINST Alan Gjurovich, AS A SPECIAL FAVOR TO GMAC

MORTGAGE LLC, EXHIBITING CLEAR BIAS & PREJUDICE AGAINST

Alan Gjurovich, DENYING HIM ANY DUE PROCESS OF LAW OR EQUAL

PROTECTION UNDER / OF THE LAWS, OR A FAIR IMPARTIAL HEARING

& WAS AN ABANDONEMENT OF HER CLEAR DUTY TO DO JUSTICE &

EQUITY TO THE PARTIES WHICH IS ALSO DERILICTION OF HER

DUTY, MIS-FEASANCE, MAL-FEASANCE, NON-FEASANCE, NEGLECT,

NEGLIGANCE, INCOMPETENCE, & A DISGRACE TO THE

ADMINISTRATION OF JUSTICE BY SAID ALLEGED "JUDGE".

### *INCOMPETENCE ON THE BENCH*

14. BEFORE THE START OF THE SAID EVIDENTIARY HEARING SAID

JUDGE CALLED THE ADVERSARY CASE FOR A CASE MANAGEMENT

HEARING, AND DISPLAYED INCOMPETENCE & NEGLIGENCE ON THE

BENCH, WHEREIN SHE WAS CLEARLY LOST AS TO THE STATUS OF THE

CASE BEFORE HER, & COULD NOT REMEMBER ANYTHING IN THE

CASE, & STATED ON THE RECORD THAT Alan Gjurovich HAD NOT FILED

ANY ANSWER TO THE US TRUSTEE IN THE ADVERSARY PROCEEDING,

AND HAD TO BE CORRECTED BY THE US TRUSTEE'S ATTORNEY, WHO

HAD TO TELL HER THAT AN ANSWER WAS IN FACT FILED BY Alan

Gjurovich IN THE CASE. THIS WAS A CLEAR DISPLAY OF THE JUDGE
NOT KEEPING UPDATED ON A CASE BEFORE IT, WHICH IS A
VIOLATION OF THE JUDICIAL CANNON & THE DUTIES OF A JUDGE,
WHICH DENIES THE RIGHT TO DUE PROCESS OF LAW & A FAIR
IMPARTIAL HEARING & TREATMENT IN THE CASE. FURTHERMORE IN
THE ALLEGED RULING THE JUDGE MAKES ALL KINDS OF FALSE &
ERRONEOUS STATEMENTS OF FACT TOO NUMEROUS TO LIST OR QUOTE,
BUT FOR ONE SHE ALLEGES THERE WAS A LOAN OF 222,000 DOLLARS
WHICH IS NOT EVEN THE NUMBER IN THE ALLEGED MORTGAGE
DOCUMENTS, THE ALLEGED NUMBER IS ACTUALLY LESS THAN 200,000,
 WHICH DISPLAYS MORE INCOMPETENCE BY THE JUDGE,
NOT TO MENTION THE FACT THAT THE WHOLE ALLEGED LOAN WAS
RESCINDED PRIOR TO ANY ALLEGED SALE WHICH THIS COURT WAS
REQUIRED TO RULE ON AFTER THE EVIDENTIARY HEARING, BUT HAS
TOTALLY IGNORED, IN ORDER TO DO A FAVOR FOR GMAC MORTGAGE
WHICH IS JUDIICAL CORRUPTION FOR WHICH THE COURT IS NOW
DISQUALIFIED, & MUST RECUSE HERSELF IMMEDIATELY & FORTHWITH.
SAID JUDGE ERRONEOUSLY STATES ON PAGE 2, LINES 18-21, THAT A
DEFAULT JUDGMENT WAS OBTAINED AGAINST THE DEBTOR, ON
NOVEMBER 19, 2009, WHICH IS TOTALLY ERRONEOUS, THE ONLY
ALLEGED DEFAULT JUDGMENT IN THE CASE WAS PURPORTEDLY
AGAINST A "STAR HILLS", A MISNOMER MISJOINDER, NON JOINDER
ENS LEGIS FICTITIOUS ENTITY, WHICH ALLEGED "DEFAULT
JUDGMENT" WAS VACATED BY THE TRIAL COURT UPON THE MOTION

OF Star: Hills, WHICH FACT IS ADMITTED TO BY GMAC MORTGAGE IN THEIR OPPOSITION TO THE MOTION FOR EQUITABLE RELIEF ON PAGE 2, AT LINES 21-23. FURTHERMORE THE JUDGES REFERENCES TO "HILLS" IN HER RULING IS A VIOLATION OF US TITLE 18, FRAUDULENT USE OF THE US MAIL WITH FICTITIOUS NAMES, & IS A VIOLATION OF THE NOTICE OF STATUS OF Star: Hills WHICH THIS JUDGE SHOULD HAVE READ IF IT TOOK JUIDICIAL NOTICE OF THE CASES IN THE STATE COURT AS REQUESTED BY AFFIANT.

THE JUDGE IS SO INCOMPETENT IN THIS CASE THAT SHE CITES THE TRIAL DATE ON NOVEMBER 19, OF 2009 AS A DATE THAT A DEFAULT JUDGMENT WAS ENTERED AGAINST Alan Gjurovich WHEN THERE WAS NEVER ANY DEFAULT JUDGMENT AGAINST Alan Gjurovich AT ANY TIME IN THE CASE. GMAC MORTGAGE, STATES AT PAGE 2, LINES 21-23 THAT IT WAS ON MAY 8, 2009 THAT GMAC OBTAINED A DEFAULT JUDGMENT , AND THAT IT WAS SET ASIDE BY THE TRIAL COURT. IT IS CLEAR BY THE FORGOING THE ALLEGED "JUDGE" WHITNEY RIMEL HAS NOT EVEN READ THE PAPERS FILED BY GMAC MORTGAGE IN THIS PROCEEDING & IS MERELY GUESSING AT WHAT IS IN THEIR PAPERS, WHICH IS NOT AT ALL ALLOWED UNDER THE JUDICIAL CANNON, & DENIES DUE PROCESS & EQUAL PROTECTION TO Alan Gjurovich , & THIS JUDGE'S DISPLAY OF NEGLECT, NEGLIGENCE, INCOMPETENCE ON THE RECORD IS NOT ACCEPTABLE UNDER ANY POSSIBLE CIRCUMSTANCES & THIS COURT IS NOW DISQUALIFIED AS A MATETR OF LAW, IPSO FACTO, & IS REQUIRED TO IMMEDIATELY & FORTHWITH TRANSFER THE CASE TO

ANOTHER IMPARTIAL JUDGE WHO HAS NO PERSONAL INTEREST IN

THE OUTCOME OF THIS PROCEEDING.


-CONCLUSION-

15. IN LIGHT OF ALL THE FOREGOING IT IS CLEAR THAT THERE IS AN

APPEARANCE OF BIAS & PREJUDICE IN THE RECORD ON THE PART OF

THE JUDGE WHITNEY RIMEL, TO THE EXTENT Alan Gjurovich CAN NOT

RECEIVE FAIR IMPARTIAL TREATMENT, OR A FAIR IMPARTIAL HEARING

OR RULING FROM SAID JUDGE. IT FURTHER APPEARS THAT SAID

JUDGE IS NEGLIGENT OR INCOMPETENT WHICH IS A VIOLATION OF

THE JUDICIAL CANNON & REQUIREMENTS FOR SITTING ON THE

BENCH, AS THIS JUDGE DOES NOT KEEP HERSELF UPDATED AS TO THE

STATUS OF A CASE BEFORE HER, & LIES, MISLEADS PARTIES BEFORE

HER, & COMMITS FRAUD FROM THE BENCH, INTENTIONALLY

MISINFORMING PARTIES AS TO HER TRUE INTENTIONS IN THE CASE.

FURTHER, IT IS CLEAR FROM HER ALLEGED "RULING" IN EXHIBIT, THAT

SHE APPARENTLY DOES NOT EVEN READ THE PAPERS OF THE PARTIES

FILED IN THE PROCEEDING SHE IS PURPORTEDLY RULING ON, WHICH IS

AN EGREGIOUS & OUTRAGEOUS GROSS MISCARRIAGE OF JUSTICE & AN

AFFRONT TO THE ADMINISTRATION OF JUSTICE !!!

ALL OF THESE FACTS NOW REQUIRE THE COURT, "JUDGE" WHITNEY

RIMEL TO DISQUALIFIY HERSELF IMMEDIATELY & FORTHWITH, & SHE

SHOULD DO JUST THAT.

On this day, the-twentyseventh-day-of-September-two-thousand-and-ten,

Case 10-14535     Filed 09/28/10     Doc 60

Alan Gjurovich
all  Rights  Reserved.

## DECLARATION

I the undersigned hereby declare under penalty of perjury under the laws of the united States of America, that the foregoing is true & correct. Executed by my hand on this twenty seventh day of September two thousand and ten,

Alan Gjurovich,
all Rights Reserved.

# EXHIBIT PAGE
## INDEX OF EXHIBITS

**#1:** COPY OF RULING OF WHITNEY RIMEL
AFTER EVIDENTIARY HEARING OF
SEPTEMBER 21, 2010

**#2:** PARTIAL COPY OF OPPOSITION OF GMAC
MORTGAGE LLC

# 1

③

FILED ✎

SEP 2 4 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                                    Case No. 10-14535-A-7
                                                         DC No. RSS-26
Alan David Gjurovich

                        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MOTION OF GMAC MORTGAGE FOR RELIEF FROM STAY**

A hearing was held on September 21, 2010, on the motion of GMAC Mortgage, LLC ("GMAC") for relief from stay in this case. The court admitted into evidence certified copies of documents submitted by GMAC and took judicial notice of other documents submitted by GMAC.  The debtor made a statement on his own behalf, and the court also considered declarations filed by GMAC in support of its motion.  This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(G).

In 2007, Star Hills ("Hills") borrowed some $222,000 from GMAC or its predecessor, and that loan was secured by a deed of trust on real property commonly described as 3018 Linden Avenue, Bakersfield, California (the "Property").

In November 2008, GMAC acquired title to the Property by a foreclosure sale.  GMAC recorded the deed upon sale within the period provided by state law for perfection.

1

57

Various bankruptcy cases have been filed by Star Hills and by the debtor in this case in an effort to prevent GMAC from obtaining possession of the Property.

On May 12, 2009, Hills filed a chapter 11 bankruptcy case as 09-14472. That case was voluntarily converted to chapter 7 and was dismissed on September 28, 2009. On August 25, 2009, Hills filed a chapter 7 bankruptcy case as 09-18169. That case was dismissed October 1, 2009. The United States Trustee filed an adversary action against Hills as Adversary Proceeding 09-1235. On February 10, 2010, a judgment barring Hills from filing any bankruptcy case for two years was entered.

On October 6, 2009, the debtor caused to be recorded a quit claim deed allegedly giving him a 50% interest in the Property. Also on October 6, 2009, the debtor filed a chapter 7 bankruptcy case as 09-19629. That case was dismissed in January 2010.

GMAC caused a three day notice to quit to be served on the debtor on March 17, 2009, at the Property. Thereafter, GMAC commenced an unlawful detainer proceeding in state court. On November 19, 2009, a default judgment against the debtor was obtained in the unlawful detainer proceeding, and in December 2009, a writ of possession was obtained.

On January 11, 2010, the debtor filed another chapter 7 bankruptcy case as 10-10190. That case was dismissed in June 2010.

This case was filed April 27, 2010.

Bankruptcy Code § 362(c)(4) provides that:

"(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within

2

the previous year but were dismissed, other than a case
refiled under section 707(b), the stay under subsection (a)
shall not go into effect upon the filing of the latter case;
and (ii) on request of the party in interest, the court
shall promptly enter an order confirming that no stay is in
effect."

This case meets those requirements. Within the last year,
the debtor has filed three chapter 7 bankruptcy cases. The first
two cases were dismissed with a discharge. Therefore, the
automatic stay never went into effect. Further, even if the
automatic stay had gone into effect, there is cause for relief
from stay. The debtor's only interest in the Property is that he
is in possession. GMAC has title and has obtained an unlawful
detainer judgment.

At the hearing on this motion, the debtor made numerous
arguments concerning whether GMAC was entitled to foreclose on
the Property in the first place and whether GMAC was entitled to
a judgment in the unlawful detainer proceeding.

Those arguments points to a dispute between Star Hills and
the debtor on the one hand, and GMAC on the other hand, about the
merits of the underlying foreclosure and unlawful detainer
judgment. The bankruptcy court is not the place to raise such
arguments. If judgments of the state court are to be challenged,
they must be challenged in the court in which such judgment
arose.

For the foregoing reason, the motion will be granted.
Counsel for GMAC may submit a form of order consistent herewith.
DATED: September 24, 2010

WHITNEY RIMEL, Judge
United States Bankruptcy Court

3

# 2

1  RUZICKA & Wallace, LLP, Attorneys at Law
   Richard Sontag (State Bar #108652)
2  16520 Bake Parkway, Suite 280
   Irvine, CA 92618
3  (949) 759-1080

4  Attorneys for GMAC Mortgage, LLC

5

6              UNITED STATES BANKRUPTCY COURT

7        EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

8  In Re:                          )   BK NO. 10-14535
                                   )
9  ALAN DAVID GJUROVICH,           )   GMAC MORTGAGE'S OPPOSITION
                                   )   TO DEBTOR'S MOTION TO CONTINUE
10     Debtor.                     )   9/21/10 EVIDENTIARY HEARING
                                   )
11                                 )   Evidentiary Hearing -
                                   )   DATE: 9/21/10
12                                 )   TIME: 2:00 P.M.
                                   )   CTRM: A
13                                 )   (1300 18th St., 1st Fl., Bakersfield, CA)
                                   )
14 ─────────────────────────────────

15       GMAC Mortgage, LLC, the movant in the underlying motion for relief from stay

16 ("GMAC") hereby submits the following memorandum of points and authorities in opposition to

17 the debtor Alan David Gjurovich's (the "Debtor") motion to continue the September 21, 2010,

18 evidentiary hearing on GMAC's motion for relief from stay:

                                   **I**
19                    **PROCEDURAL INTRODUCTION**

20       This is a motion for relief from stay regarding the single family residence located at 3018

21 Linden Avenue, Bakersfield, California (the "Property") following a completed non-judicial

22 foreclosure. GMAC is the current owner of the Property, and the Debtor claims an interest in the

23 Property as a result of a post-foreclosure quitclaim deed from the prior owner, Star Hills

24 ("Hills").

25       The within Chapter 7 case was filed on April 27, 2010. GMAC filed it's motion for relief

26 from stay on August 10, 2010, with an initial hearing date of August 24, 2010. On August 20,

27

28
─────────────────────────────────────
              GMAC MORTGAGE'S OPPOSITION TO
     DEBTOR'S MOTION TO CONTINUE EVIDENTIARY HEARING          1

2010, the Debtor filed "objections" to said motion, and sought an evidentiary hearing. At that initial hearing the Court set an evidentiary hearing for September 21, 2010, and issued an order requiring the parties to submit and serve documents and evidence in a certain fashion by September 14, 2010. GMAC so submitted its documents and evidence. The Debtor failed to do so. Instead, on September 14, 2010, the Debtor filed a 245 page motion seeking a continuance of that hearing and/or a denial of the fourteen (14) day period set forth in FRBP 4001(a)(3). GMAC hereby opposes said motion on the following grounds.

## II
## FACTUAL INTRODUCTION

According to the evidence submitted by GMAC both in support of its motion for relief from stay, and in compliance with this Court's August 24, 2010, order setting the September 21, 2010, evidentiary hearing, as well as "evidence" submitted by the Debtor, the following has occurred:

- In June 2007 Hills borrowed $222,000.00, and said loan was secured by a lien on the Property;

- In 2008 Hills defaulted on that loan;

- On November 13, 2008, GMAC purchased the Property at a trustee's sale, and on November 26, 2008, it recorded a trustee's deed upon sale giving it title to the Property;

- On March 26, 2009, GMAC filed a state court unlawful detainer action against Hills;

- On May 8, 2009, GMAC obtained a default judgment in that case against Hills for possession of the Property (which was later set aside);

- On May 12, 2009, Hills filed a Chapter 11 bankruptcy case (#09-14472). GMAC filed a motion for relief from stay in that case, but it was denied due to that case being dismissed on September 28, 2009, pursuant to a motion to dismiss filed by

### III
### BASED UPON THE ABOVE, IT IS CLEAR THAT THIS CASE WAS FILED IN BAD FAITH AND FOR THE PURPOSES OF FURTHER DELAYING GMAC'S RIGHT TO POSSESSION OF THE PROPERTY

It is hard to imagine that anyone who reviewed the history of GMAC's dealings with the Property since it obtained title thereto in November 2008 could find that the within bankruptcy case was filed in anything other than bad faith. It is the fifth bankruptcy case filed by either the Debtor or Hills in the past sixteen (16) months. The U.S. Trustee has filed motions to dismiss or adversary actions in the prior four (4) cases. All such motions and actions were based on the bad faith of Hills and the Debtor. In the four (4) prior cases the U.S. Trustee obtained the requested dismissals and a judgment against Hills.

Additionally, the pleadings filed by the Debtor are rambling and practically incoherent. He did not obtain his alleged interest in the Property until almost a year after Hills lost title. He seems to base most of his arguments on an alleged rescission of the underlying loan approximately one (1) day before the subject trustee's sale. However, there is no evidence that Hills was ever in a possession to return the borrowed money as a condition of such rescission (and given her two (2) bankruptcy cases it is difficult to understand how she could have returned the borrowed $222.000.00).

Therefore to continue the evidentiary hearing would only add to the delays that GMAC has had to contend with, and would reward the Debtor and Hills for their bad faith tactics regarding GMAC's right to the Property.

### IV
### THIS IS THE DEBTOR'S THIRD BANKRUPTCY CASE IN LESS THAN A YEAR, AND THERE IS NO AUTOMATIC STAY IN THIS CASE

As set forth above, this is the Debtor's third bankruptcy filing in the past year. The prior two (2) cases were dismissed for abuse and/or failure to file documents. As such, pursuant to the provisions of 11 U.S.C. §362©)(4) there is no automatic stay in this case, and the Debtor has failed to file any motion seeking the imposition of the stay. If there is no stay in effect in this case

---

**PROOF OF SERVICE**

1

2
I the undersigned hereby declare under penalty of perjury under the laws
3  of the united states of America that I served the here attached document
described as:
4

5  Demand for Recusal of judge Whitney Rimel

6
on the parties named below at the addresses to follow on the day of 9/27,
7  2010:

8
JUDGE WHITNEY RIMEL,
9  UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
10  2500 TULARE STREET FRESNO CALIFORNIA;
11

12  US TRUSTEE 2500 TULARE STREET,
FRESNO CALIFORNIA;
13

14  RUZICKA  &  WALLACE LLP,
RICHARD SONTAG,
15  16520 BAKE PARKWAY, SUITE 280,
16  IRVINE,CA. 92618.

17
Said service was by first class us mail, enclosed in a sealed envelope,
18  with the postage therefore fully prepaid by me. I am not a party to this
case. My Contact location is: P0 Box 71532 Bakersfield California 93387
19  I am over the age of eighteen years. Executed by my hand on this 27th day
20  of September, 2010,

21

22

23  Daniel: Lopez
all Rights Reserved.
24

25

26

Page 13 of 13